# EXHIBIT A

MICHAEL K. JEANES
Clerk of the Superior Court
By Carmen Carabajal, Deputy
Date 12/31/2014 Time 11:52:55
Description                    Amount
------- CASE# CV2014-015116 -------
CIVIL NEW COMPLAINT            319.00

TOTAL AMOUNT                   319.00
           Receipt# 24230962

1  David F. Gomez (006790)
2  Michael J. Petitti, Jr. (011667)
   Firm State Bar No. 00437600
3  **GOMEZ & PETITTI, P.C.**
   2525 East Camelback Road, Suite 860
4  Phoenix, Arizona 85016
5  (602) 957-8686
   Attorneys for Plaintiff
6

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| DAVID F. RUPPERT,<br><br>Plaintiff,<br><br>vs.<br><br>MD HELICOPTERS, INC., an Arizona corporation; JOHN AND JANE DOES I-X; ABC CORPORATIONS I-X; BLACK AND WHITE PARTNERSHIPS I-X<br><br>Defendants. | Case No. CV2014-015116<br><br>**COMPLAINT** |

Plaintiff David F. Ruppert ("Plaintiff") for his cause of action against Defendant MD Helicopters, Inc. alleges:

### General Allegations
### (Parties and Jurisdiction)

1.  Plaintiff is a resident of Maricopa County, State of Arizona, and has been at all relevant times.

1

2. Defendant MD Helicopters, Inc. ("Defendant" or "MDHI") is an Arizona corporation authorized to and doing business in the State of Arizona.

3. Plaintiff has sued Defendants XYZ Corporations I-X, Black and White Partnerships I-X and Does I-X under fictitious names. Plaintiff is informed and believes that said Defendants are in some way responsible for the acts complained of herein. When their true identities have been ascertained, Plaintiff will seek leave of the Court to amend the Complaint.

4. Defendant has committed actions and caused events to occur in the County of Maricopa, State of Arizona, which are the foundation of this action and out of which this action arises.

(Jury Demand)

5. Pursuant to Rule 38 of the Arizona Rules of Civil Procedure, Plaintiff demands a jury trial.

Facts Common To The Cause Of Action

6. Plaintiff is a United States Naval Academy graduate, and a decorated former United States Marine. On approximately June 25, 2012, Plaintiff was employed by Defendant as its General Counsel.

7. Defendant is a helicopter manufacturing company of light-single and light-twin helicopters for use by both civilian and military customers. Defendant is one

2

of several so-called "portfolio companies" managed by Patriarch Partners, Inc. ("Patriarch"). Patriarch's owner and Chief is also MDHI's CEO.

8. At all times, Plaintiff performed with competence and distinction and to Defendant's benefit. In this regard, he received numerous commendations, including, without limitation, the verbal and written accolades from MDHI personnel who he supported, MDHI outside legal counsel with whom he worked, and MDHI insurance brokers with whom he interacted. Plaintiff was awarded a full discretionary performance bonus by the MDHI CEO in July 2013.

9. Approximately one month after Plaintiff began employment with MDHI, Defendant approached Plaintiff about its possibly hiring a former United States military employee. Based on Plaintiff's review of various items and research and in consultation with MDHI outside legal counsel, Plaintiff expressed concern to Defendant about hiring the individual or its involvement in hiring the individual. Defendant MDHI did not hire the individual. Its parent company ultimately hired the individual.

10. On approximately August 23, 2013, MDHI and Patriarch received notice that the Federal government was investigating several items, including its involvement in the employment of the former military employee.

11. Defendant then took several steps to root out what it believed was a whistleblower or someone assisting the government with its investigation. Suspecting several individuals as potential sources for the government's investigation, Defendant undertook a series of actions including, without limitation, contacting former employees

3

and reissuing confidentiality obligation agreements, undertaking background and financial investigations of suspected whistleblowers, conducting physical security sweeps of MDHI offices for listening devices, and undertaking—via outside counsel—interviews and document collections from certain personnel.

12. On information and belief, and as part of this effort, Plaintiff was targeted as a potential suspect for cooperation with Federal authorities (i.e., a government informant). Plaintiff is informed and therefore believes that Plaintiff was—without his knowledge—subjected to financial and background investigations and his office files reviewed. Additionally, Plaintiff was questioned by Patriarch and its in-house lawyers to see whether Plaintiff could produce copies of legal opinions relating to the hiring of the former military employee: legal opinions that had already been provided by Plaintiff to Patriarch over a year before and thus already in Patriarch's possession. Shortly after completion of a preliminary outside counsel site visit, during which Plaintiff also provided copies of his written opinions on the hiring of the former military employee to outside counsel, Defendant's CEO wrongfully accused Plaintiff of assisting the government with its investigation.

13. On approximately December 23, 2013, MDHI's CFO asked Plaintiff to review certain loan documents relating to the CEO's request that MDHI transfer funds to American LaFrance, another Patriarch portfolio company. The CFO was concerned that the transfer of the funds was prohibited. The CFO informed Plaintiff that the CEO's assistant was pressuring him to wire the funds to American LaFrance.

4

14. Plaintiff informed the CFO that at least two (2) specific contractual provisions in the Lender's agreement with MDHI appeared to support the CFO's concerns and that wiring the funds may violate Defendant's contractual obligations. Moreover, if the funds were used as requested by MDHI, it may be bank fraud based on certain MDHI representations to the lender regarding the use of the funds. Plaintiff is informed and therefore believes that the CFO refused to send MDHI funds to American LaFrance and because of the CFO's position with regard to the illicit transfer of MDHI funds to American LaFrance, certain Patriarch individuals directed several MDHI officers, including the Chief Commercial Officer, the Chief Operating Officer, and the Information Technology Director to discuss with the MDHI Controller the transfer of the aforementioned MDHI funds to American LaFrance. On information and belief, these MDHI officers attempted to coerce the MDHI Controller into making the funds transfer.

15. Less than four (4) days later, Plaintiff was fired. On January 17, 2014 (fifteen (15) days following Plaintiff's discharge), American LaFrance abruptly closed, releasing some 150 employees. In discharging Plaintiff, Defendant wrongfully retaliated against him in violation of State law. Defendant's stated reasons for its action were false and pretextual.

16. Plaintiff is damaged by the wrongful acts of Defendant and its agents herein alleged, which damage includes, without limitation, the following:

5

  A. Lost salary and benefits from Plaintiff's termination until he should obtain employment at that rate of compensation;

  B. Injury to Plaintiff's long-term employment and career possibilities and income potential flowing from the ongoing retaliatory and inappropriate conduct by Defendant;

  C. Injury from humiliation, trauma, extreme stress, depression and physical and mental pain and anguish.

17. The willful and wanton misconduct on the part of Defendant and its agents is such that it justifies an award of punitive damages.

18. All allegations of this Complaint are incorporated into the claim for relief of this Complaint.

**Claim for Relief**
**(Wrongful Discharge in Violation of Public Policy)**

19. Plaintiff was wrongfully discharged in violation of the public policy of the State of Arizona. Plaintiff had information or a reasonable belief that employees of Defendant were violating or would violate statutes of Arizona. Plaintiff disclosed said information or belief to representatives of Defendant whom Plaintiff reasonably believed were in a managerial or supervisory position and had the authority to take action to prevent potential or further violations of the statutes of this State.

20. In violation of Arizona public policy, Defendant retaliated against Plaintiff by terminating him because he made disclosures in a reasonable manner to

6

Defendant's representatives that employees of the company may or had engaged in conduct which violated a statute of Arizona and that he refused to do the same. Plaintiff refused to commit an act or omission that violated Arizona law.

21. The conduct outlined above by Defendant violates Arizona law, including, but not limited to, *A.R.S. §§ 13-2310* [fraudulent schemes and artifices], *44-1522* [consumer fraud-unlawful practices], *13-2402* [obstruction of justice], and *13-1003* [conspiracy].

22. Defendant's willful and wanton misconduct is so gross that it justifies an award of punitive damages.

23. Plaintiff is damaged by Defendant's violation of public policy as hereinabove alleged or as proven at trial.

WHEREFORE, Plaintiff requests Judgment in his favor and against Defendant as follows:

A. For actual, consequential and incidental damages as alleged herein or as proven at trial;

B. For punitive damages as proven at trial;

C. For Plaintiff's attorneys' fees and costs incurred in this action pursuant to any law, regulation, or provision which provides such recovery;

D. For interest on each such element of damage, cost or attorneys' fees at the highest legal rate from the date each such damage, cost or attorneys' fees was incurred until paid; and

7

1    E.    For such other and further relief as the Court deems just and proper.

2    DATED this 31st day of December, 2014.

                             GOMEZ & PETITTI, P.C.

                             By _____
                             David F. Gomez
                             Michael J. Petitti, Jr.
                             Attorneys for Plaintiff